IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EARL WILLIAMS                                                                                          PLAINTIFF

v.                                           Case No. 4:21-cv-00458-JM

PULASKI COUNTY SPECIAL SCHOOL DISTRICT                                              DEFENDANT

## ANSWER

Defendant, Pulaski County Special School District ("District"), by its attorneys, Bequette, Billingsley & Kees, P.A., for its Answer to Plaintiff's Original Complaint ("Complaint"), alleges and states:

1. The District admits the existence of the laws referred to in paragraphs 1, 2, 3 and 4 of Plaintiff's Complaint, which speak for themselves, and that this Court has jurisdiction over this matter. The District otherwise denies the remaining allegations set forth in paragraphs 1, 2, 3 and 4 of Plaintiff's Complaint.

2. The District admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

3. The District admits that venue is proper before this Court, and admits the existence of the laws referred to in paragraphs 6 and 7 of Plaintiff's Complaint, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 6 and 7 of Plaintiff's Complaint.

4. Except where previously admitted herein, the District denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.

5. The District admits the allegations set forth in paragraphs 9 and 10 of Plaintiff's Complaint.

6. The District admits the existence of the laws referred to in paragraphs 11 and 12 of Plaintiff's Complaint, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 11 and 12 of Plaintiff's Complaint.

7. The District admits the allegations set forth in paragraphs 13 and 14 of Plaintiff's Complaint.

8. The District denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

9. The District admits the allegations set forth in paragraph 16 of Plaintiff's Complaint.

10. The District denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

11. The District admits the allegations set forth in paragraph 18 of Plaintiff's Complaint.

12. Except where previously admitted herein, the District denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

13. The District denies the allegations set forth in paragraphs 20 and 21 of Plaintiff's Complaint.

14. The District admits the allegations set forth in paragraph 22 of Plaintiff's Complaint. The District states affirmatively that Plaintiff was an exempt employee and therefore not entitled to overtime pay. The District further states affirmatively that Plaintiff did not work more than forty (40) hours per week.

15. The District denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

16. The District admits the allegations set forth in paragraphs 24 and 25 of Plaintiff's Complaint.

17. The District denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

18. The District admits the allegations set forth in paragraphs 27, 28 and 29 of Plaintiff's Complaint.

19. The District denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

20. The District admits the allegations set forth in paragraph 31 of Plaintiff's Complaint. The District states affirmatively that Plaintiff was an exempt employee and therefore not entitled to overtime pay.

21. The District denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

22. Except where previously admitted herein, the District denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

23. The District admits the existence of the laws referred to in paragraphs 34, 35, 36, 37 and 38 of Plaintiff's Complaint, which speak for themselves. The District otherwise denies the remaining allegations set forth in paragraphs 34, 35, 36, 37 and 38 of Plaintiff's Complaint.

24. The District denies the allegations set forth in paragraphs 39 and 40 of Plaintiff's Complaint.

25. Except where previously admitted herein, the District denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

26. The District admits the existence of the laws and regulations referred to in paragraphs 42, 43, 44, 45 and 46 of Plaintiff's Complaint, which speak for themselves. The

District otherwise denies the remaining allegations set forth in paragraphs 42, 43, 44, 45 and 46 of Plaintiff's Complaint.

27. The District denies the allegations set forth in paragraphs 47, 48 and 49 of Plaintiff's Complaint.

28. The District denies all allegations, averments, and prayers for relief in the "WHEREFORE" clause of Plaintiff's Complaint.

29. The District denies all allegations not specifically admitted herein.

30. The District reserves the right to amend its answer and plead further.

31. The District reserves the right to conduct discovery.

## JURY DEMAND

32. The District demands trial by jury.

## AFFIRMATIVE DEFENSES

33. The District affirmatively states that Plaintiff's claims are barred by principles of statutory and governmental immunity.

34. The District affirmatively pleads Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is not entitled to damages.

35. The District affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

36. The District affirmatively states that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

37. The District invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq*. ("AMWA").

38. At all times, the District acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA and AMWA.

39. The District did not know or show reckless disregard for whether their conduct was prohibited by the FLSA and AMWA.

40. The District affirmatively states that this action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA and AMWA.

41. In the alternative, the District is entitled to offset monies or other consideration paid or provided to Plaintiff by the District for periods in which Plaintiff was not engaged to work.

42. The District further affirmatively states that Plaintiff's actions are barred because he seeks to recover for time that is *de minimis* work time and thus not compensable under the FLSA.

43. To the extent Plaintiff seeks damages not recoverable under the FLSA or AMWA, Plaintiff is barred from such recovery.

44. Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular work week at a rate not less than that set forth by the overtime provisions of the FLSA.

45. Without assuming the burden of proof, the District complied with all record-keeping requirements of the FLSA and AMWA.

46. The District affirmatively states that Plaintiff's claims are estopped by the submission of his own time records, for which the District compensated him for all overtime worked and claimed.

47. The District affirmatively states that Plaintiff has failed to mitigate his alleged damages.

48. The District affirmatively states that Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

49. The District affirmatively states that some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

50. The District affirmatively states that Plaintiff has failed to exhaust administrative remedies.

51. The District affirmatively states that its actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

52. The District reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

53. The District affirmatively states that all actions taken by it with respect to Plaintiff were supported by legitimate business reasons.

WHEREFORE, Defendant, Pulaski County Special School District, prays that Plaintiff's Complaint be dismissed and that he take nothing thereby; for the District's attorney's fees and costs incurred herein; and for all other appropriate relief to which the District may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com

By: *Jay Bequette*
Jay Bequette, Ark. Bar #87012

*Attorneys for Defendant*